UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA DURAN DURAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC, a Delaware Limited Liability Company; et al.,<br><br>　　　　Defendants. | No. 1:19-cv-01763-DAD-EPG<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION |

On November 14, 2019, plaintiff Martina Duran Duran ("plaintiff") commenced this action against defendants FCA US LLC ("FCA"), Turlock Chrysler Dodge Jeep Ram ("Turlock Chrysler"), and Does 1 through 10, inclusive (collectively "defendants") in the Madera County Superior Court. (Doc. No. 1-1.) On December 19, 2019, FCA removed the action to this federal court. (Doc. No. 1.) The notice of removal states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (*Id.* at 1.) Although both plaintiff and Turlock Chrysler are citizens of California, FCA alleges that complete diversity exists because plaintiff fraudulently joined Turlock Chrysler in this action for no reason other than to defeat diversity jurisdiction. (*Id.* at ¶¶ 25–27.) FCA, however, must provide additional information for the court to be able to determine whether Turlock Chrysler is a fraudulently joined defendant.

1

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)). The Ninth Circuit has "a 'general presumption against fraudulent joinder,' and defendant's burden of proof is 'heavy.'" *Latino v. Wells Fargo Bank, N.A.*, No. 2:11-cv-02037-MCE, 2011 WL 4928880, at *4 (E.D. Cal. Oct. 17, 2011) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir.2009)). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.2007).

Here, FCA contends that while plaintiff has sued both FCA and Turlock Chrysler under California's Song-Beverly Consumer Warranty Act, "FCA believes Plaintiff has no intention of prosecuting her warranty claims against [Turlock Chrysler], and only added [Turlock Chrysler] in an attempt to defeat diversity. Indeed, a review of the Complaint's allegations show only bare-boned, non-specific allegations as related to [Turlock Chrysler]." (Doc. No. 1 at ¶ 26.); *see also Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1064 (C.D. Cal. 2012) (noting that "frequent use throughout the complaint of the plural 'defendants,' failing to specify which particular defendant or defendants were involved in the allegedly unlawful conduct" supported a finding that the complaint's allegations were "questionable"). However, here, plaintiff's complaint does allege that Turlock Chrysler is a "seller" and "retailer" under the Song-Beverly Act. (Doc. No. 1-1 at ¶ 16.) It also alleges that "Defendants were unable to conform Plaintiffs vehicle to the applicable express and implied warranties after a reasonable number of attempts."

(Doc. No. 1-1 at ¶ 20.) The Song-Beverly Act "imposes service and repair obligations on manufacturers, distributors, and *retailers who make express warranties.*" *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 721 n. 1 (2007) (internal quotation marks and citations omitted) (emphasis added). While the court will "not presently decide the sufficiency of plaintiffs' . . . allegations," the court finds "it is untrue that the complaint lacks allegations that could result in [Turlock Chrysler] being held liable for the wrongful conduct charged." *See Mireles, N.A.*, 845 F. Supp. 2d at 1064.

FCA also contends that "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued." (*Id.* at ¶ 27.) However, even if individual dealerships are not regularly sued under the Song-Beverly act, FCA has not yet demonstrated by clear and convincing evidence that individual dealerships *cannot* be properly named in such actions. FCA therefore has not met its burden of proof.

Accordingly, FCA is hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction. FCA may discharge this order to show cause by submitting evidence that plaintiff fails to state a cause of action against Turlock Chrysler.[1] Any opposition briefing must be filed no less than fourteen (14) days after FCA's initial filing, and any reply briefing must be filed no less than seven (7) days after oppositions.

IT IS SO ORDERED.

Dated: **December 27, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] Although the notice of removal states that this court also has federal question, plaintiff's cause of action arises under state law and FCA makes no other mention of a federal constitutional or statutory right implicated in this action. To the extent that FCA believes a federal question is present, FCA may also discharge this order to show cause by demonstrating federal question jurisdiction.

3