UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA DURAN DURAN,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company, and TURLOCK CHRYSLER DODGE JEEP RAM,<br><br>Defendants. | No. 1:19-cv-01763-DAD-EPG<br><br>ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

On December 27, 2019, the court issued an order to show cause requiring defendants to provide additional information to allow the court to determine whether it has subject matter jurisdiction over this action. (Doc. No. 10.) Defendant FCA US LLC ("FCA") responded to the order to show cause on January 10, 2020. Plaintiff Martina Duran Duran filed an opposition on January 24, 2020, (Doc. No. 12), and defendant FCA replied on January 31, 2020. (Doc. No. 14.) For the reasons set forth below, the court concludes that defendants have failed to establish this court's subject matter jurisdiction and the court will therefore remand this case back to state court.

Defendants removed this action to this federal court alleging diversity of citizenship. (Doc. No. 1 at 1.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states and the amount in

1

controversy exceeds $75,000. In its order to show cause, the court specifically noted that defendant FCA must show by clear and convincing evidence that defendant Turlock Chrysler Dodge Jeep Ram ("Turlock Chrysler") was fraudulently joined to this action by plaintiff in order to defeat diversity jurisdiction. (Doc. No. 10 at 1, 3); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.2007) ("Fraudulent joinder must be proven by clear and convincing evidence."). The court went on to specifically direct defendant FCA to show that individual dealerships *cannot* be properly named as defendants in actions brought under California's Song-Beverly Consumer Warranty Act. (Doc. No. 10 at 2–3.)

Defendant FCA has yet to satisfy its burden of proof. Rather, defendant FCA primarily challenges the sufficiency of plaintiff's allegations.[1] (*See generally* Doc. Nos. 11, 14.) The Ninth Circuit has acknowledged that the analysis under Rule 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). The two tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

---

[1] Defendant FCA correctly notes that the Ninth Circuit allows the district court to "pierce the pleadings" and "consider[] summary judgment-type evidence such as affidavits and deposition testimony." (Doc. No. 14 at 8) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (internal citations omitted). However, while defendant FCA argues that plaintiff's lack of evidence "speaks volumes," (*id.*), plaintiff's failure to present evidence does not satisfy defendant's burden. The only evidence presented by defendant in opposition to remand is a declaration from defense counsel Spencer P. Hugret. (Doc. No. 1-3.) Therein, defense counsel attests that in his experience of representing defendant FCA in over 1,000 lawsuits of this nature, "individual dealerships have not been sued as a matter of course" and "[i]t is [his] belief that the instant Plaintiff only sued the named TCDJR dealership in Stanislaus County, in an attempt to defeat diversity and to prevent the matter from being removed to federal court." (*Id.* at ¶¶ 4, 7.) As the court noted in its order to show cause, however, defense counsel's subjective belief is insufficient to demonstrate that defendant Turlock Chrysler cannot be properly named in this action. (Doc. No. 10 at 3.)

2

| | |
|---|---|
| 1 | *Id.* at 550. |
| 2 | Here, defendant FCA avers that plaintiff's complaint demonstrates that she has no |
| 3 | intention of prosecuting her claims against defendant Turlock Chrysler because her express |
| 4 | warranty and implied warranty claims fail. (Doc. No. 14 at 3.) Turning to the breach of express |
| 5 | warranty claim, defendant notes that |

> [p]laintiff does not allege what problems she experienced with the engine, suspension, and electrical systems. Instead, Plaintiff relies on a vague reference to "various" purported "defects" relating to three distinct vehicle components. Plaintiff also fails to allege the terms of the express warranty, or how many repair attempts were made for the alleged nonconformity (or when the repairs were made), and what happened each time she took the vehicle in for repairs.

(Doc. No. 11 at 5.) While these specific deficiencies could result in plaintiff's complaint being dismissed under Rule 12(b)(6), it is possible that each noted deficiency could be cured by amendment. *See Hall v. Kraft Heinz Food Co. (LLC)*, No. 1:19-cv-00565-LJO-BAM, 2019 WL 2598764, at *3 (E.D. Cal. June 25, 2019) ("Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]."); *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) ("Defendants must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.'")

Defendant FCA also argues that, as a matter of law, plaintiff's complaints and demands for repurchase or replacement should be directed solely to the manufacturer and not defendant Turlock Chrysler, the retailer. (Doc. No. 11 at 5.) Although defendant FCA does not specify that this argument pertains solely to plaintiff's breach of express warranty claim, defendant notes in its reply that a buyer is allowed the "right of replacement or restitution for breach of an express warranty," and the right does not apply to breach of implied warranty. (Doc. No. 14 at 6) (citing *Victorino v. FCA US LLC*, 326 F.R.D. 282, 302 (S.D. Cal. 2018), *appeal withdrawn*, No. 18-80076, 2019 WL 7187392 (9th Cir. Nov. 21, 2019)). The court therefore assumes that defendant FCA's argument is that plaintiff's breach of express warranty claim can only be brought against the manufacturer. Assuming *arguendo* that this argument is true, this still does not foreclose the

3

possibility of plaintiff bringing her breach of implied warranty claim against the retailer under the circumstances of this case.

Defendant FCA's sole argument in support of its contention that plaintiff's implied warranty claim fails as a matter of law is that plaintiff has not alleged that she is entitled to damages for diminution of value, which is plaintiff's available remedy under California Civil Code § 1794(b)(2). (Doc. No. 14 at 7.) However, assuming that plaintiff's only available remedy for a breach of implied warranty claim is diminution of value, plaintiff does in fact pray for such relief in her complaint. (*See* Doc. No. 1, Ex. A at 10.)

As noted in the order to show cause, the undersigned does not interpret the law in this area as foreclosing the bringing of an action against both the manufacturer and the retailer. (Doc. No. 10 at 3.); *see also Tanner v. Ford Motor Co.*, No. 5:19-cv-02495-EJD, 2019 WL 6269307, at *4 (N.D. Cal. Nov. 25, 2019) (concluding that it was "not obvious that Plaintiffs [could not] state a claim [under Song-Beverly] against [an individual dealership], because it [was] possible their implied warranty claim [was] not time-barred"). Defendant has failed to show, and the court remains unconvinced, that "there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Hall*, 2019 WL 2598764 at *3 (emphasis added).

Accordingly, the court hereby remands this action to the Madera County Superior Court for lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 9, 2020**__                _/s/ Dale A. Drozd_
                                                UNITED STATES DISTRICT JUDGE